## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### JUDGE PHILIP A. BRIMMER

### COURTROOM MINUTES

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: August 26, 2011 |
| Court Reporter: Janet Coppock | Time: 39 minutes |
| Probation Officer: Caryl Ricca | Interpreter: n/a |

## CASE NO.  10-CR-00326-PAB-12

Parties                                                          Counsel

**UNITED STATES OF AMERICA,**                    Kasandra Carleton

                                                                 MJ Menendez

             Plaintiff,                                     Special Agent Shane Messner

vs.

**12.  MICHAEL GURULE,**                            Lisa Polansky

             Defendant.

---

### SENTENCING

---

**11:22 a.m.    COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and in custody.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Argument by Ms. Carleton in support of Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1 (Doc #1697), filed 8/9/11.

Court states its findings and conclusions.

Page Two
10-CR-00326-PAB-12
August 26, 2011

**ORDERED:**   Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1
(Doc #1697), filed 8/9/11, is **GRANTED.**

Ms. Polansky addresses sentencing.

Ms. Carleton addresses sentencing.

Defendant addresses the Court.

Further comments by Ms. Polansky.

Statement by the Court regarding defendant's offense level, criminal history level and
sentencing guidelines range.

Defendant entered his plea on **June 23, 2011** to counts **Eighty and Eighty-Two of the
First Superseding Indictment.**

**ORDERED:**   Defendant's plea of guilty is **ACCEPTED.**

**ORDERED:**   Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**   Defendant shall be **imprisoned** for **50** months, as to counts Eighty and
Eighty-Two, to be served concurrently.

Court RECOMMENDS that the Bureau of Prisons place the defendant at **a facility with a
Residential Drug Abuse Program (RDAP).**

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised
release** for a period of **3** years as to counts Eighty and Eighty-Two, to be
served concurrently.

**ORDERED:**   **Conditions** of Supervised Release that:
   (**X**)   Within 72 hours of release from the custody of the Bureau of Prisons,
defendant shall report in person to the probation office in the district to which
the defendant is released.
   (**X**)   Defendant shall not commit another federal, state or local crime.
   (**X**)   Defendant shall not illegally possess controlled substances.
   (**X**)   Defendant shall not possess a firearm or destructive device.

Page Three
10-CR-00326-PAB-12
August 26, 2011

(**X**)    Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.

(**X**)    Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

(**X**)    Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

()    Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:**  **Special Condition** of Supervised Release that:

(**X**)    Defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer.  Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. (Defendant will be required to pay the cost of treatment as directed by the probation officer.

(**X**)    The defendant shall reside in a residential reentry center for a period of **six months**, to commence upon release from incarceration.  He shall observe the rules of that facility. If the defendant secures employment and a residence approved by the probation officer, the probation officer may release the defendant from RRC placement prior to the end of the six-month term.

(**X**)    Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

**ORDERED:**  Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**  Costs of imprisonment and supervised release are WAIVED.

**ORDERED:**  Government's Motion to Dismiss Counts Eighty-One and One Hundred Forty-One (Doc #1699), filed 8/9/11, is **GRANTED.**

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

Page Four
10-CR-00326-PAB-12
August 26, 2011

**ORDERED:**   A copy of the presentence report shall be forwarded to the U.S. Bureau of
Prisons and the U.S. Sentencing Commission.

**ORDERED:**   Defendant is REMANDED to the custody of the U.S. Marshal.

**12:01 p.m.    COURT IN RECESS**

**Total in court time:    39 minutes**

**Hearing concluded**